IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE:
MCRICKARD, THOMAS B

CASE NO. 07-70120 MB

Judge Manuel Barbosa

Debtor(s)

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON APPLICATIONS FOR COMPENSATION,
(AND HEARING ON THE ABANDONMENT OF PROPERTY BY THE TRUSTEE)**

TO the Debtor(s), Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee's Final Report has been filed and a hearing will be held

    At:   U.S. BANKRUPTCY COURT
          211 South Court Street, Room 220
          Rockford, IL  61101

    on:   November 19, 2007

    at:   9:30 a.m.

2. The hearing will be held for the purpose of examining the Trustee's Final Report, ruling on any objections to the Final Report, ruling on applications for compensation and expenses, and transacting such other business as may be properly noticed before the Court.  ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The following applications for compensation have been filed:

| APPLICANT | COMPENSATION PREVIOUSLY PAID | FEES NOW REQUESTED | EXPENSES |
|---|---|---|---|
| JAMES E. STEVENS Trustee | $ 0.00 | $ 1,401.29 | |

4. The Trustee's Final Report shows total:

    a. Receipts                                    $    6,512.92

    b. Disbursements                               $       12.20

    C. Net Cash Available for Distribution         $    6,500.72


EXHIBIT A

5. In addition to the fees, compensation and expenses that may be allowed by the Court, liens, priority claims, secured claims, and court costs which must be paid in advance of general unsecured creditors have been allowed in the amount of $0.00. Assuming that all fees, compensation and expenses are allowed in the amounts requested, this leaves the total amount of $5,099.43, to be distributed to the general unsecured creditors whose claims have been allowed. The total amount of unsecured claims which will share in the distribution is $37,677.41, resulting in an approximate distribution of 13.53% to unsecured creditors.

6. The debtor has been discharged.

7. The Trustee proposed to abandon the following property at the hearing:

    See assets described as property to be abandoned at case closing in Form 1 attached as Exhibit B.


DATE: _____         _____
                                James E. Stevens


EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 CASE |
| MCRICKARD, THOMAS B | |
| | CASE NO. 07-70120 MB |
| | |
| | Judge  Manuel Barbosa |
| Debtor(s) | |

## TRUSTEE'S FINAL REPORT (PRE-DISTRIBUTION REPORT)

To:    THE HONORABLE Manuel Barbosa, BANKRUPTCY JUDGE

NOW COMES <u>JAMES E. STEVENS</u>, Trustee herein, and respectfully submits to the Court and to the United States Trustee his Final Report in accordance with 11 U.S.C. §704(9).

1.    The Petition commencing this case was filed on <u>01/18/07</u>.  The Trustee was appointed on 01/18/07.  The Trustee's bond in this case is included as part of the Trustee's blanket bond.

2.    The Trustee certifies that he has concluded the administration of this estate and has performed the duties enumerated in Section 704 of the Bankruptcy Code.  The nonexempt assets of the estate have either been converted to cash, disposed of under orders of this Court, or are sought to be abandoned by the Trustee; there is no other property belonging to the estate; there are no matters pending or undetermined; claims have been reviewed; and all claim objections have been resolved to the best of the Trustee's knowledge.  The Trustee certifies that this estate is ready to be closed.  The tasks performed by the Trustee are set forth on Exhibit A.

3.    The disposition of estate property is set forth in Exhibit B.  The scheduled value of property abandoned is <u>0.00</u>.  The property abandoned, or sought to be abandoned, along with the reasons for such abandonment, is described in Exhibit B.

4.    A summary of the Trustee's Final Report as of September 6, 2007 is as follows:

　　　a.    RECEIPTS (See Exhibit C)                                             $      6,512.92

　　　b.    DISBURSEMENTS (See Exhibit C)                              $           12.20

EXHIBIT A

    c.    NET CASH available for distribution    $    6,500.72

    d.    ADMINISTRATIVE EXPENSES:

        1.    Trustee compensation requested (See Exhibit E)    $    1,401.29
        2.    Trustee Expenses (See Exhibit E)    $    0.00
        3.    Compensation requested by attorney or other professionals for trustee (See Exhibit F)    $    0.00

        4.    Other unpaid administrative expenses (See Exhibit G)$_____

5.     The Bar Date for filing unsecured claims expired on.

6.     All claims filed in this case with the Clerk of the Bankruptcy Court have been reviewed by the Trustee, and a report is attached as Exhibit E. The actual dollar amount of claims allowed and/or requested for this estate is as follows:

    a.    Allowed unpaid secured claims    $    0.00

    b.    Chapter 7 Administrative and 28 U.S.C. §1930 claims    $    1,401.29

    c.    Allowed Chapter 11 Administrative Claims    $    0.00

    d.    Allowed priority claims    $    0.00

    e.    Allowed unsecured claims    $    37,677.41

7.     Trustee proposes that unsecured creditors receive a distribution of 13.53% of allowed claims.

8.     Total fees and expenses previously awarded to Trustee's counsel, accountant or other professional was $0.00. The total of Chapter 7 professional fees and expenses requested for final allowance is $0.00.

9.     A fee of $1,000.00 was paid to Debtor's counsel for services rendered in connection with this case, and no basis appears to request an examination of those fees pursuant to 11 U.S.C. §329.

EXHIBIT A

**WHEREFORE**, the Trustee certifies under penalty of perjury that the above statements are true and correct and requests the Court to provide for notice and a hearing pursuant to 11 U.S.C. §§330(a), 502(b) and 503(b). The Trustee further requests that the Court award final compensation and reimbursement of expenses and make final allowances of the administrative claims and expenses stated in this Report and for such other relief as the Court shall deem proper.

                                          RESPECTFULLY SUBMITTED:

DATE: October 18, 2007

                                          JAMES E. STEVENS
6833 Stalter Drive
Rockford, IL  61108
(815) 962-6611

EXHIBIT A

## TASKS PERFORMED BY TRUSTEE

1. Review Petition and schedules; conduct Section 341(a) Meeting of Creditors.

2. Investigate Debtor's assets.

3. Open and maintain bank accounts

4. Obtain FEIN

5. Prepare Trustee's reporting forms including semi-annuals.

6. Correspondence to U.S. Trustee's Office.

7. Telephone conference with Debtor's attorney.

8. Preparation of Asset Notice and filing of same.

9. Telephone conversations with creditors.

10. Correspondence to Debtor's attorney.

11. Issue payments by Trustee.

12. Determination of estate tax liability.

13. Preparation of Trustee Final Report.

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE: |
MCRICKARD, THOMAS B |
| CASE NO. 07-70120 MB
|
| Judge Manuel Barbosa
Debtor(s) |

**DISTRIBUTION REPORT**

I, <u>JAMES E. STEVENS</u>, Trustee herein, certify that I have reviewed all claims filed with the Clerk of the Bankruptcy Court and have examined all orders of Court, and state that based on my review I propose to make the following distribution:

<u>SUMMARY OF DISTRIBUTION:</u>

| | |
|---|---|
| Chapter 7 Administrative Expenses: | $ 1,401.29 |
| Chapter 11 Administrative Expenses: | $ 0.00 |
| Priority Claims (507(a)(2)-(a)(7)&(9)): | $ 0.00 |
| Secured Tax Liens: | $ 0.00 |
| Priority Tax Claims: | $ 0.00 |
| General Unsecured Claims: | $ 5,099.43 |
| <u>TOTAL AMOUNT TO BE DISTRIBUTED:</u> | $ 6,500.72 |

EXHIBIT D

The balance on hand shown above should be distributed in accordance with 11 U.S.C. §726 as follows:

a. $1,401.29 for Chapter 7 administrative expenses allowed under §503(b) and fees under Chapter 123 of Title 28, not previously disbursed, including the Trustee compensation and reimbursement requests as follows:

| CLAIM NUMBER | CREDITOR | ALLOWED REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| | JAMES E. STEVENS | 1,401.29 | 1,401.29 |
| | TOTAL | | $ 1,401.29 |

b. $5,099.43 for general unsecured creditors who have filed claims allowed in the total amount of $37,677.41, yielding a dividend of 13.53%, as itemized below:

| TYPE OF CLAIMS | TOTAL AMOUNT OF CLAIMS | FINAL DIVIDEND % |
|---|---|---|
| §726(a)(2) - General Claims (To be paid pro-rata after costs of administration and priority claims are paid in full) | $37,677.41 | 13.53% |

| CLAIM NUMBER | CREDITOR | AMOUNT REQUESTED | PROPOSED ALLOWANCE |
|---|---|---|---|
| 1 | Recovery Management Systems Corporation | 1,921.07 | 260.01 |
| 2 | Recovery Management Systems Corporation | 1,190.44 | 161.12 |
| 3 | Kane Cardiology | 1,486.00 | 201.12 |
| 4 | Chase Bank USA, N.A. | 12,412.97 | 1,680.03 |
| 5 | Chase Bank USA, N.A. | 8,950.88 | 1,211.45 |
| 6 | Chase Bank USA, N.A. | 11,716.05 | 1,585.70 |
| | TOTAL | $ | 5,099.43 |

WHEREFORE, the Trustee certifies under penalty of perjury that the above statements are true and correct.

DATED:  October 18, 2007

JAMES E. STEVENS, Trustee
BARRICK, SWITZER, LONG
 BALSLEY & VAN EVERA
6833 Stalter Drive
Rockford, IL 61108

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE: |
MCRICKARD, THOMAS B |
|
    CASE NO. 07-70120 MB
|
|
    Judge Manuel Barbosa
                    Debtor(s) |

**TRUSTEE'S APPLICATION FOR
COMPENSATION AND EXPENSES**

TO:    HONORABLE Manuel Barbosa, BANKRUPTCY JUDGE

NOW COMES JAMES E. STEVENS, Trustee herein, pursuant to 11 U.S.C. §330, and requests $1,401.29 as compensation, and $0.00 for reimbursement of expenses, $0.00 amount of which has previously been paid.

I. COMPUTATION OF COMPENSATION

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $6,512.92. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | | |
|---|---|---|
| 25% of first $5,000.00 | $ 1,250.00 | ($1,250.00 max.) |
| 10% of next $45,000.00 | $ 151.29 | |
| ($4,500.00 max.) | | |
| 5% of next $950,000.00 | $ 0.00 | |
| ($47,500.00 max.) | | |
| 3% of balance | $ 0.00 | |
| TOTAL COMPENSATION | $ 1,401.29 | |

A description of the nature of the services performed by the Trustee is attached.

EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE: |
MCRICKARD, THOMAS B |
| CASE NO. 07-70120 MB
|
| Judge Manuel Barbosa
Debtor(s) |

**APPLICATION OF TRUSTEE'S COUNSEL (OTHER PROFESSIONAL)**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO:   HONORABLE Manuel Barbosa, BANKRUPTCY JUDGE

JAMES E. STEVENS, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on 01/18/07. This Court on April 9, 2007 authorized the employment of the Applicant to serve as counsel for the Trustee. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

2. Because no attorney's time was necessary regarding claims and collection of the Debtor's interest in his residence, the Applicant will not be seeking attorney's time in this matter.

WHEREFORE, Applicant is not seeking attorney's fees for the reasons as stated above.

Dated:  October 18, 2007

RESPECTFULLY SUBMITTED,

_____
JAMES E. STEVENS, Trustee
6833 Stalter Drive
Rockford, IL 61108

EXHIBIT F

## PROFESSIONAL FEES AND EXPENSES

|  | Fees Previously Allowed | Fees Pending Compensation Applications | Fees & Expenses Total |
|---|---|---|---|
| JAMES E. STEVENS | $ 0.00 | $ 1,401.29 | $ 1,401.29 |
| TOTALS | $ 0.00 | $ 1,401.29 | $ 1,401.29 |

EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

IN RE: |
MCRICKARD, THOMAS B |
| CASE NO. 07-70120 MB
|
| Judge Manuel Barbosa
Debtor(s) |

## ORDER AWARDING COMPENSATION AND EXPENSES

THIS MATTER BEING HEARD on the Trustee's final request for the allowance of fees and expenses of administration, notice having been given and the Court being duly advised:

IT IS HEREBY ORDERED that the Trustee's final request for the allowance of fees and expenses are allowed as follows:

| | | | |
|---|---|---|---:|
| 1. | Trustee's Compensation | $ | 1,401.29 |
| 2. | Trustee's Expenses | $ | 0.00 |
| | TOTAL | $ | 1,401.29 |
| 3. | Chapter 11 Trustee's Compensation | $ | 0.00 |
| 4. | Chapter 11 Trustee's Expenses | $ | 0.00 |
| | TOTAL | $ | 0.00 |

IT IS FURTHER ORDERED that the requests for compensation and expenses are allowed as follows:

1. Attorney for the Trustee
   a. Compensation                          $         0.00

   b. Expenses                              $         0.00

   c. Chapter 11 Compensation               $         0.00

   d. Chapter 11 Expenses                   $         0.00

2. Accountant for the Trustee
   a. Compensation                          $         0.00

   b. Expenses                              $         0.00

   c. Chapter 11 Compensation               $         0.00

       d. Chapter 11 Expenses                                                $_____0.00

3.     Other professional

                                                TOTAL     $_____0.00

       IT IS FURTHER ORDERED that the Trustee is directed to pay the allowances listed above.

DATED this ____ day of _____ 2007.

                                               _____
                                               Manuel Barbosa
                                               UNITED STATES BANKRUPTCY JUDGE

JAMES E. STEVENS
BARRICK, SWITZER, LONG,
 BALSLEY & VAN EVERA
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611